UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELA B.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 2:19-CV-00188-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: September 13, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") committed harmful error by failing to provide legally sufficient reasons to reject opinion evidence from Dr. Kamran Khan, M.D., and Ms. Julie Milasich, O.T, and therefore, by failing to properly determine Plaintiff's residual functional capacity ("RFC"). Accordingly, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42

U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On March 23, 2015, Plaintiff filed applications for SSI and DIB, alleging disability as of April 25, 2014. *See* Dkt. 8, Administrative Record ("AR") 13. The applications were denied upon initial administrative review and on reconsideration. *See* AR 13. ALJ Larry Kennedy held the first hearing in this matter on April 20, 2017. AR 77-121. The ALJ continued that hearing to be completed on a future date because Plaintiff was unable to complete her testimony. *See* AR 13, 117-20. On January 29, 2018, the ALJ held the second hearing. AR 40-76. In a decision dated March 12, 2018, the ALJ found that, considering Plaintiff's prior applications for disability which were administratively final, the relevant period for her current applications begins September 15, 2014.[1] *See* AR 13-14. The ALJ also determined Plaintiff to be not disabled. AR 10-39. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly consider opinion evidence from Dr. Khan, Ms. Milasich, Dr. Myung Song, D.O., and Dr. Frank Barnes, M.D.; and (2) state specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony. *See* Dkt. 10.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] Plaintiff does not dispute this finding from the ALJ. *See* Dkt. 10.

1  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3                                              DISCUSSION

4      **I.      Whether the ALJ properly assessed the opinion evidence.**

5           Plaintiff contests the ALJ's treatment of the opinion evidence from Dr. Khan, Ms.

6  Milasich, Dr. Song, and Dr. Barnes. Dkt. 10, pp. 9-15.

7           In assessing acceptable medical sources, an ALJ must provide "clear and convincing"

8  reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

9  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

10  (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or

11  examining physician's opinion is contradicted, the opinion can be rejected "for specific and

12  legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

13  830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722

14  F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and

15  thorough summary of the facts and conflicting clinical evidence, stating his interpretation

16  thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

17  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

18           "Other medical source" testimony, which the Ninth Circuit treats as lay witness testimony,

19  "is competent evidence an ALJ must take into account," unless the ALJ "expressly determines to

20  disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*,

21  236 F.3d 503, 511 (9th Cir. 2001); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217,

22  1224 (9th Cir. 2010). In rejecting lay testimony, the ALJ need not cite the specific record as long as

23  "arguably germane reasons" for dismissing the testimony are noted. *Lewis*, 236 F.3d at 51

24

A.  Dr. Khan

Plaintiff argues the ALJ failed to provide specific, legitimate reasons to reject the opinion evidence from treating physician Dr. Khan. Dkt. 10, pp. 13-15.

Dr. Khan rendered multiple opinions stating that, due to Plaintiff's conditions, he believes Plaintiff is unable to work. For instance, On April 29, 2014, Dr. Khan wrote that it was his "medical opinion that [Plaintiff] should remain out of work" for two weeks due to her "current medical condition." AR 774. Likewise, on May 9, 2014, Dr. Khan wrote that it was his opinion Plaintiff should remain out of work for one month "due to severe depression." AR 775. On August 4, 2015, Dr. Khan determined it was his medical opinion that Plaintiff "is unable to work" due to right-sided carpal tunnel and "ongoing mental health issues" including depression, anxiety, and post-traumatic stress disorder ("PTSD"). AR 776; *see also* AR 644 (June 10, 2015 statement); AR 777 (March 4, 2016 statement); AR 1025 (July 10, 2017 statement).

In a more detailed evaluation form, completed on June 25, 2015, Dr. Khan wrote that Plaintiff has diagnoses of depression, anxiety, PTSD, low back pain, and bilateral carpal tunnel syndrome. *See* AR 771. Dr. Khan remarked that these diagnoses are supported by testing and lab reports, and determined they limit Plaintiff's ability to bend, twist, turn, walk, and sit for more than 10 minutes. AR 771. Dr. Khan opined Plaintiff "needs unscheduled breaks" of 30 minutes or more in four-hour shifts. AR 771. Further, Dr. Khan determined Plaintiff is unable to participate in work. AR 771. Dr. Khan wrote that Plaintiff has limitations with lifting and carrying and he opined she is "[s]everely limited," meaning she is "[u]nable to lift at least 2 pounds or unable to stand or walk." AR 772. Moreover, Dr. Khan opined Plaintiff's conditions impact her ability to access services, such as that holding the phone gives her carpal tunnel

syndrome. AR 772. Dr. Khan also described the treatment plan to address Plaintiff's conditions. *See* AR 772-73.

In another form completed on June 25, 2015, Dr. Khan determined Plaintiff has degenerative disc disease with low back pain and left hip pain, and as a result, Plaintiff has difficulty sitting up right, standing, and walking for more than a few minutes at a time. AR 901. Additionally, Dr. Khan opined that, during a typical day, Plaintiff must recline for two-to-four hours out of most eight-hour periods. AR 902. Dr. Khan found that Plaintiff would require unscheduled breaks of 30 minutes or more in addition to the three breaks normally provided by employers due to her low back pain and radiculopathy. AR 902. Dr. Khan wrote that he believes Plaintiff's complaints are reasonable/credible in light of her diagnoses. AR 902. He also opined that, as of April 2014, Plaintiff would likely be absent 3 or more days per month if she attempted sedentary work on a regular and sustained basis. AR 902. Dr. Khan made this determination based on Plaintiff's low back pain, right-sided radiculopathy, carpal tunnel syndrome, depression, and anxiety. AR 902. On March 6, 2017, Dr. Khan opined that Plaintiff's medical conditions and limitations were "[s]ignificantly worse" than he found on June 25, 2015. AR 900. Dr. Khan wrote that he made this determination because Plaintiff's back pain "has been getting significant worse" and it was "recently suspected" that she has fibromyalgia. AR 900.

The ALJ discussed Dr. Khan's opinions and assigned them "little weight" for five reasons:

> (1) The suggestions the claimant is unable to work is an opinion on an issue reserved to the Commissioner. (2) In addition, some of these statement [sic] are dated prior to the relevant period. . . . (3) Dr. Khan's opinions are inconsistent with the lack of findings during his contemporaneous examinations of the claimant, and appear to be based on her subjective statements. For example, when Dr. Khan suggested in May 2014 the claimant should be off work for a month so that the Washington State Department of Social and Health Services (DSHS) could send her to a psychologist, his examination notes were entirely normal. The

only support for his conclusion found in his treatment record was the note the claimant did not feel she could work. (4) In addition, Dr. Khan's notes suggest conditions that are inconsistent with his examination findings. For example, in February 2017, Dr. Khan suggested the claimant had left sided radiculopathy in conjunction with low back pain, but also indicated she had negative straight leg raise testing. (5) His opinions are also inconsistent with the claimant's activities. For example, in November 2015, the claimant able [sic] to drive her mother to radiation "every day" and was providing care for her mother.

AR 28-29 (citations omitted) (numbering added).

First, the ALJ gave little weight to Dr. Khan's opinions that Plaintiff is unable to work because he found them to be opinions on "an issue reserved to the Commissioner." AR 28-29. According to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). A doctor's statement that a claimant "would be 'unlikely' to work full time" is not a finding on an issue reserved to the Commissioner, and is "instead an assessment, based on objective medical evidence, of [the claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in original).

In this case, Dr. Khan wrote that, in light of Plaintiff's conditions and functional limitations, it is his opinion that Plaintiff is unable to work. *See, e.g.*, AR 644, 774, 775, 775, 777, 1025. After reviewing Dr. Khan's opinions, the Court concludes Dr. Khan's opinions were an assessment of Plaintiff's likelihood of being able to maintain employment based on his treating relationship with Plaintiff, testing of Plaintiff, and Plaintiff's conditions. Thus, the ALJ's first reason for giving little weight to Dr. Khan's opinions is not specific and legitimate. *See Reddick*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)) (other citations omitted) (Although "'the administrative law judge is not bound by . . . opinions of the

claimant's physicians on the ultimate issue of disability,'" he cannot reject an opinion on

disability without presenting specific and legitimate reasons supported by substantial evidence.).

Second, the ALJ rejected Dr. Khan's opinions because some of them were "dated prior to

the relevant period." AR 29 (citing AR 774-75). "Medical opinions that predate the alleged onset

of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155,

1165 (9th Cir. 2008) (citing *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)). But, "this is

especially true in cases . . . where disability is allegedly caused by a discrete event." *Id.* In this

case, it is undisputed that Plaintiff's conditions were not caused by a discrete event and instead

reflect longstanding mental health and physical conditions. *See, e.g.*, AR 548, 555, 592, 599-601.

Further, only two of Dr. Khan's many opinions were rendered prior to the relevant period. *See*

AR 13-14, 774, 775. The ALJ failed to explain how the fact that two of Dr. Khan's opinions

were rendered prior to the relevant period undermines his opinions which were rendered within

the relevant period. *See* AR 29; *Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to

provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings").

Hence, given the context of Plaintiff's conditions and limitations, and Dr. Khan's assessments,

the Court finds this is not a specific and legitimate reason to reject Dr. Khan's opinions.

Third, the ALJ discounted Dr. Khan's opinions because he found them "inconsistent with

the lack of findings during his contemporaneous examinations, and [they] appear to be based on

her subjective statements." AR 29. Generally, an ALJ may discount a physician's opinion if it is

"inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.

2002) (citation omitted). Here, to support his finding, the ALJ remarked that "when Dr. Khan

suggested in May 2014 the claimant should be off work for a month . . . his examination notes

were entirely normal." AR 29 (citing AR 557). However, Dr. Khan's May 9, 2014 treatment

notes indicate that Plaintiff was "struggling with severe depression." AR 556. Plaintiff was

sleeping less, had difficulty concentrating, and was experiencing fatigue. AR 556. Dr. Khan

noted Plaintiff had a history of anxiety, depression, and panic attacks, and assessed her with

"[f]atigue due to depression – insomnia[.]" AR 557. Therefore, given Dr. Khan's assessment and

observations of Plaintiff's depression and fatigue, the ALJ's finding that Dr. Khan's examination

notes were "entirely normal" is not supported by substantial evidence. *See Reddick*, 157 F.3d at

722-23 ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the

context of materials or all parts of the testimony and reports. His paraphrasing of record material

is not entirely accurate regarding the content or tone of the record.").

Further, the Ninth Circuit has held that, with respect to mental illness, "[d]iagnoses will

always depend in part on the patient's self-report, as well as on the clinician's observations of the

patient." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). As such, "the rule allowing

an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions

regarding mental illness." *Id.* (citations omitted). In this case, Dr. Khan opined Plaintiff is unable

to work due to "severe depression." AR 775. Because the record reflects that Dr. Khan's opinion

that Plaintiff could not work due to her depression was based both on Plaintiff's reports and Dr.

Khan's own observations and assessments of Plaintiff, the ALJ's third reason for rejecting Dr.

Khan's opinions is invalid. *See Buck*, 869 F.3d at 1049.

Fourth, the ALJ rejected Dr. Khan's opinions because he determined Dr. Khan's

treatment notes "suggest conditions that are inconsistent with his examination findings." AR 29.

An ALJ can discount a medical opinion due to inconsistencies between that opinion and

contemporaneous treatment records. *Parent v. Astrue*, 521 Fed. Appx. 604, 608 (9th Cir. 2013)

(citing *Carmickle.*, 533 F.3d at 1165). Nonetheless, an ALJ cannot reject a physician's opinion in

a vague or conclusory manner. *See Garrison*, 759 F.3d at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. The ALJ must state his interpretations and explain why they, rather than the physician's interpretations, are correct. *See Embrey*, 849 F.2d at 421-22.

Here, the ALJ observed that while Dr. Khan suggested in February 2017 that Plaintiff had left-sided radiculopathy and back pain, Dr. Khan "also indicated [Plaintiff] had negative straight leg raise testing." AR 29. The ALJ failed to explain how a negative straight leg raise test undermines Dr. Khan's finding that Plaintiff has radiculopathy and back pain. *See* AR 29. Further, the ALJ failed to explain how these observations undermine any particular opinion from Dr. Khan. *See* AR 29. The ALJ "merely states" these observations "point toward an adverse conclusion" but "makes *no effort to relate* any of these" observations to "the specific medical opinions and findings he rejects." *Embrey,* 849 F.2d at 421 (emphasis added). "This approach is inadequate." *Id.* Moreover, on the same day the ALJ noted Plaintiff had a negative straight leg raise test, Plaintiff exhibited "paraspinal muscle tenderness." AR 783. Accordingly, due to the conclusory nature of the ALJ's statement and because he overlooked findings which support Dr. Khan's determinations, this is not a specific, legitimate reason to reject Dr. Khan's opinions.

In the fifth and final reason for rejecting Dr. Khan's medical opinions, the ALJ found his opinions inconsistent with Plaintiff's activities. AR 29. An ALJ may discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet as previously stated, a conclusory finding by the ALJ is insufficient to reject a physician's opinion. *See Embrey*, 849 F.2d at 421-22. The ALJ here found Dr. Khan's opinions inconsistent with Plaintiff's activities, citing her ability to drive her mother to radiation and provide care for her mother. AR 29. The ALJ again failed to provide

his interpretation of the evidence and explain how Plaintiff's ability to drive and care for her mother are inconsistent with Dr. Khan's findings. As such, this is not a specific, legitimate reason to reject Dr. Khan's findings. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

For the above stated reasons, the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, to give Dr. Khan's opinions little weight. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, had the ALJ properly considered Dr. Khan's opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained additional limitations. For example, the RFC and hypothetical questions may have reflected Dr. Khan's opinion that Plaintiff would need unscheduled breaks of 30 minutes or more in addition to the three breaks normally provided by employers. *See* AR 902. Dr. Khan also opined on multiple occasions during the relevant period that he believed Plaintiff is unable to work. *See, e.g.*, AR

644, 777, 1025. Because the ultimate disability determination may have changed with proper

consideration of Dr. Khan's opinion, the ALJ's errors are not harmless and requires reversal. *See*

*Molina*, 674 F.3d at 1117 (an error is not harmless if it "alters the outcome of the case").

B.  Ms. Milasich

Additionally, Plaintiff contends the ALJ failed to state germane reasons supported by

substantial evidence in the record to reject evidence from occupational therapist ("OT") Ms.

Milasich, who performed an evaluation of Plaintiff. Dkt. 10, pp. 12-13.

Ms. Milasich performed an occupational therapy functional evaluation of Plaintiff on

November 25, 2015. AR 895-99. Ms. Milasich's evaluation included reviewing with Plaintiff her

functional reports and conducting objective tests of Plaintiff, including tests of her strength,

ability to grip, and sensation, as well as positional testing. *See* AR 895-98. Ms. Milasich

determined Plaintiff could lift and carry between zero and 12.5 pounds, depending on the

position from which she lifted or carried; sit for 15 to 30 minutes at a time, for a total of two-to-

three hours in an eight-hour day; stand for up to 15 minutes at a time, for a total of one hour in an

eight-hour day; and walk for up to five minutes at a time, for a total of 30 minutes in an eight-

hour. AR 897-98. In addition, Ms. Milasich opined Plaintiff could never kneel; seldom

squat, stoop/bend, and reach overhead; occasionally handle, grasp, and finger; and frequently

forward reach. AR 898. Based on these opined limitations, Ms. Milasich found Plaintiff

"functioning at below the sedentary physical demand level. . . . She does not demonstrate the

ability to perform even sedentary work on a full-time basis." AR 898.

The ALJ gave "little weight" to Ms. Milasich's opinion for seven reasons: (1) Ms.

Milasich reviewed no records; (2) her opinion is based on a one-time meeting with Plaintiff; (3)

Ms. Milasich based her opinion on Plaintiff's subjective reports; (4) her conclusions are

inconsistent with her testing; (5) the purpose of the evaluation was to assist Plaintiff's disability application; (6) Dr. Barnes, who reviewed the medical evidence in this matter, remarked that Ms. Milasich's evaluation does not include certain data; and (7) Ms. Milasich's evaluation is inconsistent with Plaintiff's other examination findings, activities, minimal treatment, and contemporaneous statements. AR 27-28.

First, the ALJ gave Ms. Milasich's opinion little weight because she reviewed no records AR 27. An ALJ may give less weight to an examining source if the source did not review records from treating physicians and instead relied entirely on the plaintiff's complaints and reports from those who know the plaintiff. *Bayliss*, 437 F.3d at 1217. Here, Ms. Milasich did not rely entirely on Plaintiff's complaints or reports from those who know Plaintiff; rather, Ms. Milasich relied on her own observations, results from her testing, and Plaintiff's subjective complaints. *See* AR 895-98. Therefore, under these circumstances, this is not a germane reason to give little weight to Ms. Milasich opinion.

Second, the ALJ rejected Ms. Milasich's opinion because it was based on "the one time meeting with the claimant." AR 27. An examining source, by definition, does not have a treating relationship with the claimant and usually only examines a claimant one time. *See* 20 C.F.R. § 404.1527(c). "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014). Additionally, the ALJ failed to explain how the fact that Ms. Milasich examined Plaintiff one time undermines her opinion. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully

determine whether the ALJ's conclusions were supported by substantial evidence"). As such, discrediting Ms. Milasich's opinion simply because she saw Plaintiff once is not a germane reason for doing so.

Third, the ALJ found that "there is evidence [Ms. Milasich] relied on the claimant's subjective statement[s] in reaching her conclusions." AR 27. An ALJ may reject an opinion that is primarily based upon a claimant's properly discounted self-reports. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). Here, the ALJ noted that Ms. Milasich documented Plaintiff's "functional reporting" through the Oswestry Disability Index – a "self-assessment tool based solely on an individual's subjective statements" – and Plaintiff's reports of depression. AR 27 (citing AR 895, 896). Yet Ms. Milasich additionally conducted multiple tests of Plaintiff's abilities, recorded her findings, and stated her conclusions. *See* AR 896-98. For instance, Ms. Milasich recorded her findings about Plaintiff's strength, sensation, and ability to grasp, lift/carry, push/pull, sit, stand, walk, squat/kneel, stoop/bend, reach, and handle. *See* AR 896-98. On this record, the ALJ's determination that Ms. Milasich relied on Plaintiff's subjective reports is unsupported by substantial evidence in the record.

Fourth, the ALJ found Ms. Milasich's conclusions inconsistent with her tests. AR 27. The ALJ explained:

> For example, after noting the claimant demonstrated no observed difficulty with forward reaching, OT Milasich suggested the claimant is limited to frequent forward reaching. In addition, OT Milaisch suggests the claimant cannot sit for more than three hours, stand more than one hour, or walk more than 30 minutes in an eight hour day, based on very brief observations of the claimant during this one time evaluation, including sitting for approximately 15 minutes, standing for approximately six minutes, and walking 200 feet in 1.43 minutes. There is no discussion of the basis or reasons for these conclusions.

AR 27.

As stated above, an ALJ may reject an opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). But an ALJ's findings must be supported by substantial evidence in the record, and the ALJ must provide rationale for his findings. *See Embrey*, 849 F.2d at 421. In this case, the record does not indicate, nor does the ALJ explain, whether or how "frequent forward reaching" is inconsistent with "no observed difficulty reaching forward." *See* AR 27. Further, contrary to the ALJ's finding regarding Ms. Milasich's opinion on Plaintiff's ability to sit, Ms. Milasich explained that during the intake interview, Plaintiff "sat for approximately 15 minutes at one time, then opted to stand to change positions." AR 897. On Plaintiff's ability to stand, Ms. Milasich noted Plaintiff "stood for approximately 6 minutes at one time with minor weight shifts." AR 897. Ms. Milasich also drew her conclusion that Plaintiff can walk for 30 minutes in an eight-hour day after noting that Plaintiff "walked approximately 200 feet in 1.43 minutes." AR 898. Thus, the ALJ's finding that there "is no discussion of the basis or reasons for these conclusions" is unsupported by the record. In all, the ALJ's fourth reason for rejecting Ms. Milasich's opinion was error because it was conclusory and lacked support from substantial evidence in the record.

Fifth, the ALJ rejected Ms. Milasich's opinion because her evaluation was performed "to assist the claimant with her disability application." AR 27. The purpose for which a report is obtained is not a legitimate basis for rejecting the reports. *Lester*, 81 F.3d at 832. Social Security Administration regulations likewise require every medical opinion be evaluated, regardless of its source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Therefore, the ALJ's fifth reason for rejecting Ms. Milasich's opinion is invalid.

Sixth, the ALJ gave Ms. Milasich's opinion little weight in light of comments non-examining, testifying physician Dr. Barnes made about her evaluation. AR 27. Defendant does

not argue, nor does the Court find, this reasoning supported by the record. The ALJ here

remarked:

> Dr. Barnes specifically testified regarding this evaluation, and noted it does not contain the data that would normally validate a functional capacity evaluation, such the [sic] claimant's heart rate during testing which would show she was exerting herself.

AR 27.

While the ALJ's reasoning suggests that Dr. Barnes found Ms. Milasich's evaluation was invalid because it lacked particular data, the Court's review of Dr. Barnes' testimony does not support this implication. Dr. Barnes testified at the hearing "[t]here wasn't anything to kind of validate whether [Plaintiff] was nicely exerting" herself in Ms. Milasich's evaluation. AR 57. However, Dr. Barnes did not state whether or how this factor impacts Ms. Milasich's conclusions. *See* AR 56-57. Moreover, Dr. Barnes observed that Ms. Milasich "did some testing" of Plaintiff, referring to her evaluation as "a simplified functional capacity evaluation[.]" AR 57. Dr. Barnes noted that Ms. Milasich's opinion about Plaintiff's walking ability was "consistent with her opinion overall." AR 56. Considering the context of Dr. Barnes' comments about Ms. Milasich's evaluation, the Court finds the ALJ improperly rejected Ms. Milasich's opinion on this basis.

Seventh, the ALJ found Ms. Milasich's evaluation and limitations inconsistent with Plaintiff's other examinations, activities, minimal treatment, and contemporaneous statements. AR 28. Once again, the ALJ's reasoning is conclusory. The ALJ failed to provide any rationale as to how the factors he listed undermined Ms. Milasich's opinion. *See* AR 28. Although the ALJ determined that Plaintiff's reports to Ms. Milasich about the problems caused by her pain "are inconsistent with her statements to treating pain specialists during this same period," the ALJ did not explain *how* Plaintiff's reports to Ms. Milasich and her pain specialists were inconsistent.

1  Additionally, the ALJ failed to explain how these purportedly inconsistent statements undermine

2  Ms. Milasich's opinion, which – as explained above – is also based on her own observations and

3  testing of Plaintiff.

4       As the ALJ failed to provide any explanation regarding his findings, the Court cannot

5  determine whether this is a germane reason, supported by substantial evidence, for giving Ms.

6  Milasich's opinion little weight. Hence, the ALJ erred. *See McCann v. Colvin*, 111 F.Supp.3d

7  1166, 1175 (W.D. Wash. 2015) (finding the ALJ failed to provide specific, germane reasons for

8  discounting a lay opinion when the ALJ provided no explanation as to how the opinion was

9  inconsistent with the overall medical record, the claimant's daily activities, and his work history);

10  *Gilbert v. Colvin*, 2015 WL 4039338, * 5 (W.D. Wash. July 2, 2015) (finding the ALJ did not

11  provide a sufficiently specific reason to discredit lay testimony when the ALJ did not give "any

12  idea as to what in the medical evidence was inconsistent" with the opinion); *see also Brown-*

13  *Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning

14  behind its decisions in a way that allows for meaningful review").

15       For the above stated reasons, none of the ALJ's reasons for assigning little weight to Ms.

16  Milasich's opinion are germane or supported by substantial evidence in the record. Accordingly,

17  the ALJ erred in his consideration of Ms. Milasich's opinion. Ms. Milasich's opined to more

18  severe limitations than the limitations contained in the RFC. As the ultimate disability

19  determination may have changed with proper consideration of Ms. Milasich's opinion, the ALJ's

20  errors are not harmless and require remand.

21

22

23

24

C. <u>Drs. Song and Barnes</u>

Plaintiff further challenges the ALJ's consideration of opinion evidence from Drs. Song and Barnes. Dkt. 10, pp. 9-12.

As the undersigned has recommended the ALJ be instructed to re-evaluate the opinion evidence from Dr. Khan and Ms. Milasich, the Court need not decide whether the ALJ erred in assessing the opinion evidence from Drs. Song and Barnes. Instead, the undersigned recommends the Court direct the ALJ to reassess these opinions on remand, as necessitated by his re-evaluation of the opinions from Dr. Khan and Ms. Milasich.

**II.     Whether the ALJ provided legally sufficient reasons to reject Plaintiff's subjective symptom testimony.**

Plaintiff asserts the ALJ erred by failing to provide clear and convincing reasons to reject her subjective symptom testimony. Dkt. 10, pp. 3-10.

The undersigned has determined the ALJ harmfully erred and recommends the ALJ be determined to re-evaluate opinion evidence from Dr. Khan, Ms. Milasich, Dr. Song, and Dr. Barnes on remand. As Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court need not consider whether the ALJ erred in assessing Plaintiff's testimony. Rather, the undersigned recommends the Court instruct the ALJ to reweigh Plaintiff's subjective symptom testimony as necessary on remand.[2]

<u>CONCLUSION</u>

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further

---

[2] In a conclusory manner, Plaintiff requests the Court remand this case for an award of benefits. *See* Dkt. 10, p. 15. The Court finds remand for further proceedings is appropriate as there are issues which must be resolved regarding whether Plaintiff is capable of performing jobs existing in significant numbers in the national economy.

proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 13, 2019, as noted in the caption.

Dated this 26th day of August, 2019.

David W. Christel
United States Magistrate Judge